```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
 2                         Norfolk Division

 3

 4   - - - - - - - - - - - - - - - - - -
                                        )
 5   UNITED STATES OF AMERICA,          )
                                        )
 6   v.                                 )   CRIMINAL ACTION NO.
                                        )   2:25cr105
 7                                      )
     RODNEY THORNTON and TROY DAVIS     )
 8   III,                               )
                                        )
 9           Defendants.                )
     - - - - - - - - - - - - - - - - - -
10

11
                     TRANSCRIPT OF PROCEEDINGS
12
                         (Initial appearance)
13
                          Norfolk, Virginia
14
                          September 3, 2025
15

16   BEFORE:
                 THE HONORABLE ROBERT J. KRASK
17               United States Magistrate Judge

18
     APPEARANCES:
19

20               UNITED STATES ATTORNEY'S OFFICE
                 By:  Sherrie Capotosto
21                    Assistant United States Attorney
                      Counsel for the United States
22

23               FEDERAL PUBLIC DEFENDER'S OFFICE
                 By:  Virginia Bare
24                    Assistant Federal Public Defender
                      Counsel for Defendant Thornton
25
```

```
1                (Hearing commenced at 2:38 p.m.)
2                THE CLERK:  United States of America versus Rodney
3    Thornton, case 2:25cr105.
4                Is the government ready to proceed?
5                MS. CAPOTOSTO:  United States is ready.
6                Good afternoon, Your Honor.
7                THE COURT:  Good afternoon.
8                And do we have Mr. Davis as well?  Is he here?  We
9    can probably do them both at the same time, if that's
10   agreeable with you, Marshal?
11               THE MARSHAL:  Certainly.
12               THE COURT:  If you will come to counsel's table as
13   well.  Just slide over.
14               THE CLERK:  United States of America versus Troy
15   Davis III, case 2:25cr105.
16               Is the government ready to proceed?
17               MS. CAPOTOSTO:  The United States is ready.
18               THE COURT:  Good afternoon.  Are you Rodney
19   Thornton?
20               DEFENDANT THORNTON:  Yes.
21               THE COURT:  And are you Troy Davis III?
22               DEFENDANT DAVIS:  Yes, sir.
23               THE COURT:  All right.  I'm going to ask you both
24   to speak up.  You are before the Court today because you've
25   both been indicted by a Federal Grand Jury on August 21st,
```

1   2025.  Have you received a redacted copy of the indictment?
2           DEFENDANT DAVIS:  Yes, sir.
3           DEFENDANT THORNTON:  Yes.
4           THE COURT:  Both have, yes.  Then you are both
5   charged in the same counts except that, Mr. Davis, you are
6   charged in count 13 as well, so I'm going to just briefly
7   summarize what the charges are.
8           So you are each charged in count one with
9   unlawfully agreeing with others to commit wire and bank
10  fraud.  You are each charged in counts five and 11 with
11  committing substantive acts of wire fraud.  You are each
12  charged in counts 17 and 23 with committing bank fraud, and
13  you are each charged in count 25 with unlawfully agreeing or
14  conspiring to engage in money laundering.
15          Mr. Davis, as I've indicated, you are also charged
16  in count 13 with committing wire fraud as well.  You need to
17  know that should you be convicted of one or more of these
18  offenses, that the United States seeks to forfeit certain
19  property from you.
20          Now, in conjunction with your appearance here in
21  federal court, you have certain rights under the
22  Constitution.  Those rights include the right to have the
23  assistance of an attorney with your case, and if you cannot
24  afford an attorney, you may request that I appoint one for
25  you.  Do you understand that, first, Mr. Thornton?

```
 1              DEFENDANT THORNTON:  Yes.
 2              THE COURT:  Mr. Davis?
 3              DEFENDANT DAVIS:  Yes, sir.
 4              THE COURT:  And do you understand also that you are
 5   not required to make any statements in connection with these
 6   charges filed against you.  If you do make statements, they
 7   may be used against you.  Mr. Thornton?
 8              DEFENDANT THORNTON:  Yes.
 9              THE COURT:  Mr. Davis?
10              DEFENDANT DAVIS:  Yes, sir.
11              THE COURT:  I have a financial affidavit with your
12   name on it, Mr. Thornton.  Did you sign this document and is
13   the information on it correct?
14              DEFENDANT THORNTON:  Yes.
15              THE COURT:  And are you requesting that I appoint a
16   lawyer to represent you?
17              DEFENDANT THORNTON:  Yes.
18              THE COURT:  Let's see if you qualify.  You do.
19   Then, is the public defender available to take this
20   appointment?
21              MS. BARE:  We are, Your Honor.
22              THE COURT:  Then I will appoint the Federal Public
23   Defender's office to represent you, Mr. Thornton.
24              Next, Mr. Davis, it appears that I have a financial
25   affidavit for you as well.  I'm holding that up.  Is this
```

```
 1   your signature on this document?
 2           DEFENDANT DAVIS:  Yes, sir.
 3           THE COURT:  And is the information on this document
 4   correct?
 5           DEFENDANT DAVIS:  Yes.
 6           THE COURT:  And are you requesting that I appoint a
 7   lawyer for you as well?
 8           DEFENDANT DAVIS:  Yes.
 9           THE COURT:  Let me see if you qualify.  You do, and
10   I will direct that counsel be appointed for you.  The
11   clerk's office will find an attorney from our approved list
12   of attorneys, and they will assist you with your case.
13           Ms. Capotosto, what is the government's position
14   concerning bail for these two individuals?
15           MS. CAPOTOSTO:  Your Honor, we are moving for
16   detention on both.  I will take them one at a time, but I'll
17   start first by arguing to the Court that there is a serious
18   risk of flight and also certainly a risk of, perhaps,
19   witness intimidation, for the reasons I'll get to in just a
20   minute.
21           But the first defendant, Mr. Thornton, Your Honor,
22   has 34 previous felony convictions, including a possession
23   with intent to distribute narcotics in 2012.  He was on
24   probation when these alleged events occurred.  They went on
25   for approximately two years.  And this was part of a wider
```

group of criminal activity that was not limited to Virginia, went up and down the East Coast to Florida, and involved fraudulent schemes and obtaining people's personal identification through pretty much coercion and intimidation. If not, I think there was one event where a firearm was brandished, but getting people's personal identification and using it to get loans, rent vehicles, rent cars -- sorry, rent properties, et cetera.

So we would argue, Your Honor, that the ability actually of both defendants to engage in this behavior shows that they are good at disappearing into the community under other people's names and dates of births and Social Security numbers and getting money to fund themselves.

Neither of these individuals have worked in the past, at least with respect to Mr. Davis, in the past five years. Mr. Thornton, during the pendency of these alleged events, he was given no bond in state custody on these same charges, and then he was brought over here when those were nolle prossed.

Again, unlike the crime where you have sort of an individual who commits a crime against somebody you don't know and a rather random act, this is a crime where these individuals who are charged actually got people's personal data, know where they live, what they look like, what their dates of births, Social Security number, all that

1    information is.  So we believe they pose a risk of flight,
2    and then, again, certainly a risk of victim witness
3    intimidation.
4             Turning to Mr. Davis, he also has a previous
5    conviction for having a concealed weapon and carrying a
6    loaded firearm in a -- I haven't seen that before, but it
7    seems to be in a public area.  It's worded as a town with a
8    certain amount of population.  But it sounds like it was a
9    loaded firearm that was concealed.
10            He also, during the last five years, again, I had a
11   glance at the pretrial services report that was provided,
12   hasn't been gainfully employed, and also he was on bond on
13   state charges, on these state charges but then was suspected
14   of being involved in another armed robbery with a firearm
15   involved on August the 27th, and his bond was revoked in
16   state court, and that was with three suspects, forced the
17   victim to hand over his phone and give access to his mobile
18   banking application, and then the criminals thereafter stole
19   approximately $2,400 out of his banking account and
20   transferred it to an unknown account.  There was some other
21   individuals involved, and the police are still
22   investigating.
23            So, Your Honor, based on those totality of
24   circumstances, we would ask that detention hearing be
25   granted and set for Friday, two days from now, day after

```
 1   tomorrow at 2:00.
 2            THE COURT:  Do you have that, Ms. Bare?
 3            MS. BARE:  I do not.  And I (unintelligible).
 4            THE COURT:  All right.  I'm happy to hear you.
 5            MS. BARE:  Thank you, Your Honor.  This offense is
 6   not a specified offense in 18 U.S.C. 3142(f), and I'm
 7   speaking for Mr. Thornton, of course.  But it is not a
 8   specified offense, so then the standard is whether --
 9            THE COURT:  Let's back up a second.  Why isn't it a
10   crime that involves the possession or use of a firearm under
11   (f)(1)(E)?
12            MS. BARE:  The first I heard about any firearm was
13   when --
14            THE COURT:  It's in the indictment.
15            MS. BARE:  I'm sorry, Your Honor.  I may have
16   missed it.
17            (Pause)
18            THE COURT:  In the conspiracy charge, it's in
19   Paragraph 17, Page 6.
20            MS. BARE:  Your Honor, it does say in another
21   instance a conspirator in the vehicle made a firearm visible
22   to the mark.  That is the only indication that somebody in
23   this case -- it was allegedly had a firearm visible.  I have
24   not seen this come up before.  I don't -- it's not like
25   traditionally considered to be a firearm offense, and it's
```

difficult to tie that to any individual conspirator.  As far as the actual crimes charged, they are not charged to have been -- they are not charged as firearm offenses.  They are charged as white-collar offenses.

THE COURT:  So the statute reads, "Any felony not otherwise a crime of violence that," and it doesn't say is charged.  It says, "That involves the possession or use of a firearm, destructive device, or other dangerous weapon."  Why wouldn't that qualify?

MS. BARE:  It does read that way, and it is difficult to determine.  Frankly, I'm concerned about how a case involving this many co-conspirators, that the fact that one person is alleged to have used a firearm at some point can then carry over to all of the other individuals in the conspiracy who may or may not have even known that event occurred because there is nothing indicating what's reasonably foreseeable in -- at the stage of the indictment.  So that is all the information we have, is that someone is alleged to have had a firearm at some point in this offense.

If it is -- if it were not a fire -- an eligible offense, there is simply no indication of a serious risk of flight.  Mr. Thornton has no failures to appear that have been adjudicated against him.  He does have prior interactions with the judicial system.  Because of the way they charged, it is likely 34 previous felony convictions,

```
 1  but it's not that many cases.  There is a series of counts
 2  within separate cases.
 3            THE COURT:  All right.  Has he been charged with
 4  failure to appear, contempt of court?
 5            MS. BARE:  He has one separate allegation that was
 6  dismissed.
 7            THE COURT:  When's that?
 8            MS. BARE:  I'm sorry, Your Honor?
 9            THE COURT:  When was that?
10            MS. BARE:  The (unintelligible) is not finished.  I
11  believe 2021 or 2022.  I would have to ask probation.
12            THE PROBATION OFFICER:  Your Honor, it was in 2023
13  of August.  (Inaudible ).
14            THE COURT:  Thank you.  Are there any contempt of
15  court charges?
16            THE PROBATION OFFICER:  No, Your Honor.
17            THE COURT:  Thank you.
18            MS. BARE:  There is also no serious risk of
19  obstruction of justice.  The government said that there was
20  perhaps a risk of obstruction of justice, but the standard
21  here is a serious risk, not just a theoretical one.  Because
22  of the nature of the crime and the fact that he's facing
23  serious consequences, these do not rise to the serious risk
24  of obstruction that is necessary under the statute.
25            Additionally, I'm not available Friday.  However,
```

```
 1   we can set it for Friday and follow up with Ms. Titus if the
 2   Court's amenable to that.  I reached out to both prosecutors
 3   on this case, and they were -- they are both just not
 4   available in the time right before court for me to find an
 5   additional date.
 6           THE COURT:  All right.  Ms. Capotosto, do you want
 7   to be heard further?
 8           MS. CAPOTOSTO:  No, Your Honor.
 9           THE COURT:  All right.  I'm going to -- I think
10   there is a sufficient basis to at least hold a hearing, and
11   based on 3142(f)(1)(E), given the allegation that's in the
12   indictment, and there are allegations also of the threat of
13   violence and at least there is a failure to appear charge
14   that's fairly recent for Mr. Thornton as well, though he has
15   not been convicted of it.  In fact, the charge was
16   dismissed.  So I will schedule this matter for a detention
17   hearing on Friday, September 5 at 2:00 p.m.
18           The Court is amenable to holding a hearing Friday
19   even if you're not available, Ms. Bare.  Both the U.S.
20   Attorney and the public offender have a number of attorneys
21   who are available, and if the Court -- or if the defendants
22   want this hearing on Friday, the Court will schedule and
23   hold it.
24           MS. BARE:  Yes, Your Honor.
25           THE COURT:  Thank you.  Mr. Davis, I'm going to
```

1  also, for the same reasons, schedule a detention hearing in
2  your case on September 5th at 2:00, and I'm entering an
3  order directing that both of you be temporarily held in the
4  custody of the U.S. Marshals.  They will bring you back to
5  court on Friday afternoon for a hearing to decide whether
6  you should be held in custody or released on bail pending
7  further proceedings in your case.
8       Mr. Davis, you will have the assistance of your
9  attorney when you come back to court for that hearing on
10 Friday.  Do you understand?
11      DEFENDANT DAVIS:  Yes.  So no one gets to speak for
12 me today?
13      THE COURT:  No, sir.
14      I'm also going to enter an order pursuant to the
15 Due Process Protections Act pursuant to Rule 5(f) of the
16 rules of federal criminal procedure and remind the
17 government to disclose information, at least as to
18 Mr. Thornton, that is exculpatory and material to question
19 of guilt or punishment subject to sanction should that fail
20 to occur.
21      I will enter the same order for Mr. Davis once his
22 attorney has appeared in the case.
23      If there is nothing further, the defendants are
24 remanded to the custody of the U.S. Marshals.
25      MS. CAPOTOSTO:  Thank you, Your Honor.

```
 1              (Hearing adjourned at 2:52 p.m.)
 2                         CERTIFICATION
 3
 4         I certify that the foregoing is a correct
 5    transcript, to the best of my ability, of the court's audio
 6    recording of proceedings in the above-entitled matter.
 7
 8            X_____/s/_____x
 9                         Jody A. Stewart
10                  X_____9-12-2025 _____x
11                             Date
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

JODY A. STEWART, Official Court Reporter