IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 2:25-cr-105 |
| | ) | |
| RODNEY THORNTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## THE UNITED STATES' MOTION TO CERTIFY CASE "COMPLEX" PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by and through Erik S. Siebert, United States Attorney, and Clayton D. LaForge, Assistant United States Attorney, and Jeremy McKinnon, Special Assistant United States Attorney, respectfully moves the Court to certify the above-captioned case "complex" pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). For the reasons detailed below, including the number of defendants, co-conspirators, and victims; the voluminous discovery, and; the nature of the prosecution before the Court, the United States submits that this case is complex such that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by the Speedy Trial Act, 18 U.S.C. §§ 3161-74. With no objection from counsel for defendants who have initially appeared thus far (Defendants Thornton and Davis), the United States respectfully requests that this case be deemed complex, and submits the following:

## FACTUAL & PROCEDURAL BACKGROUND

On August 21, 2025, ten defendants were indicted for conspiring to commit wire and bank fraud (Count 1); wire fraud (Counts 2-13); bank fraud (Counts 14-24), and; conspiracy to launder

money (Count 25). ECF No. 3. The indictment also alleges that three financial institutions or financial services platforms were involved in the purported fraud, some of which are victims. *Id.* at 1-2. There are numerous alleged co-conspirators, including but not limited to the ten referenced throughout the indictment. *See generally* ECF No. 3. The records that comprise evidence of the alleged offenses span thousands of pages of dense financial content. There are over dozens of victim reports, with a significant monetary aggregate loss. *Id.* at 3.

Counsel for both the defendant and the government are also expecting to go to trial in a pending matter in October. To permit sufficient time to prepare and in light of the parties' obligations before the Court, the parties have conferenced and respectfully request that trial begin in February 2026, if convenient for the Court.

## APPLICABLE LAW AND ARGUMENT

The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161, *et seq.,* governs the time allowed between indictment or initial appearance and trial of a defendant. The Act provides for trial within 70 days of indictment or initial appearance in the court in which the charge is pending, subject to specific, excludable delays. 18 U.S.C. § 3161(c) and (h). Section 3161(h)(7)(A) provides that periods of delay resulting from a request for a continuance by the Government or the defendant shall be excludable if the Court finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." In making this determination, the Court shall consider, among other things, whether the case "is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii);

*see generally United States v. Jarrell,* 147 F.3d 315,319 (4th Cir. 1998.), cert. denied 525 U.S. 954 (1998).

Given the voluminous discovery in this case, the nature and relative complexity of the charges, and the number of victims, the United States submits that this matter is complex, as that term is as contemplated by 18 U.S.C. § 3161(h)(7)(B)(ii) and asks the Court to so find.

Counsel for Defendants Thornton and Davis, who are the only defendants who have initially appeared, do not object to this motion.

## CONCLUSION

Therefore, the United States respectfully requests that the Court certify the above-captioned case as complex, and further find that the ends of justice served by scheduling a trial date beyond the 70-day deadline of the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial.

Respectfully Submitted,

Erik S. Siebert
United States Attorney

By: s/ Clayton D. LaForge

Clayton D. LaForge
Jeremy McKinnon
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia, 23510
Office - 757-441-3031
E-mail: clayton.laforge@usdoj.gov