IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODNEY THORNTON et. al.,<br><br>Defendants. | Criminal No. 2:25cr105 |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER AUTHORIZING ALTERNATIVE PROCEDURES FOR VICTIM NOTIFICATION**

The United States of America, by and through undersigned counsel, respectfully move the Court for entry of an order authorizing the government to use alternative procedures to notify potential victims in this case under the Crime Victims' Rights Act, 18 U.S.C. § 3771, and the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

On August, 21, 2025, a grand jury seated in the Eastern District of Virginia returned a twenty-five (25) count indictment charging the defendant(s) with conspiracy to Commit Wire and Bank fraud, in violation of 18 U.S.C. § 1349, Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2, Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, and Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h).  The indictment alleges a mulit-year conspiracy and scheme to commit wire fraud, bank fraud, and the laundering of monies, arising from the fraudulent actions outlined in the indictment. *See Generally* ECF 3.  Although the government has provided notice to certain specific victims via its Victim Notification System, the alleged scheme was executed over a multi year period, sometimes numerous times in one day, spanning the Eastern District of Virginia and beyond, leaving the potential victims in this case to be in the hundreds. Thus, the government seeks permission to use a website to notify potential victims of proceedings in this

case and to allow them to submit restitution requests, both of which are rights to which they are entitled as further described below.

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. *Id.* § 3771(a). Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. *Id.* § 3771(a)(1). The CVRA requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime . . . [to] make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," *id.* § 3771(c)(1), and it also instructs the Court to "ensure that the crime victim is afforded" those rights, *id.* § 3771(b)(1).

The CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." *Id.* § 3771(e)(2)(A). Importantly, the CVRA recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The CVRA places no limitations on the alternative procedures that a court may fashion other than that the procedures be reasonable to effectuate the act and that they "not unduly complicate or prolong the proceedings." *Id.*

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, provides that victims in certain offenses—including fraud offenses—shall have a right to restitution. The statute defines a victim as "a person directly and proximately harmed as a result of the commission

2

of a offense . . . including . . . any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663A(a)(2). While the MVRA provides exceptions where "the number of identifiable victims is so large as to make restitution impracticable" or determining restitution would be so complex as to be "outweighed by the burden on the sentencing process," *id.* § 3663A(c)(3), allowing potential victims the opportunity to submit restitution requests in advance of the sentencing hearing will not unduly burden the sentencing process. *See United States v. Gushlak*, 728 F.3d 184, 192 (2d Cir. 2013) ("[S]ection 3663A(c)(3)(B) plainly does not require the district court to surrender whenever one or more complex issues of causation or loss calculation appear. To the contrary, the statute explicitly contemplates that the district court weigh against the burden of ordering restitution the victims' interests in receiving restitution.").

    The government does not know precisely how many potential victims may qualify as victims under the CVRA or MVRA. Moreover, even if the United States did know, individually noticing each of these potential victims would be, at a minimum, exceedingly burdensome, complicated, and time-consuming. In other cases where the government could not determine precisely which entities and individuals would qualify as victims under 18 U.S.C. § 3771(d)(2) and large numbers of such potential victims were involved, courts have routinely permitted the United States to use alternative methods to notify potential victims. *See, e.g.*, *United States v. Lawrence*, 2:23cr89, Dkt. No. 78 (E.D. Va. May 29, 2024); *United States v. Perwaiz*, 2:19cr189, Dkt. No. 34 (E.D. Va. Jan. 13, 2020); *United States v. Dallman*, No. 1:19cr253, Dkt. No. 32 (E.D. Va .Sept. 24, 2019) (directing the government to "provide any notifications required by 18 U.S.C. § 3771 to the pool of potential victims . . . through the Internet"); *United States v. Bondarenko*, No. 2:17-CR-306-JCP-PAL, 2018 WL 1413972, at *2 (D. Nev. 2018) (granting government's

motion to notify victims pursuant to the CVRA via the Justice Department's website in case involving the "large-scale trafficking of compromised credit card data"); *United States v Babich*, 301 F. Supp. 3d 213, 217–18 (D. Mass. 2017) (granting government request for alternative notification procedures in healthcare fraud prosecution with restrictions on the information to be conveyed to potential victims); *United States v. Merrill*, No. 14-40028-TSH, 2014 WL 6387368, at *2 (D. Mass November 14, 2014) (similar).

With the Court's permission, the United States would use a case-specific page on the Eastern District of Virginia's website where all required notices would be posted, direct potential victims of which it is aware to that webpage, and issue a press release informing those who believe they may be potential victims to this website.

## CONCLUSION

For the reasons stated herein, the United States requests that the Court grant its Motion for Order Authorizing Alternative Procedures for Victim Notfication, and enter the proposed Order.

Respectfully submitted,

Lindsey Halligan
United States Attorney

By: _____/s/_____
Jeremy W. Mckinnon
Special Assistant United States Attorney
Clayton LaForge
Assistant United States Attorney
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Office: 757.441.3040
Fax: 757.441.6689
E-mail: jeremy.mckinnon@usdoj.gov
E-mail: clayton.laforge@usdoj.gov